IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BELFOR GROUP, INC.,                    :

      Plaintiff,

    v.                                       :        Case No. 3:21-cv-78

SALEM CONSUMER SQUARE                  :        JUDGE WALTER H. RICE
OH, LLC, et al.,

      Defendants.                        :

---

DECISION AND ENTRY ADOPTING [REPORT AND] RECOMMENDATIONS
OF UNITED STATES BANKRUPTCY COURT JUDGE FOR THE SOUTHERN
DISTRICT OF OHIO, WESTERN DIVISION AT DAYTON, TO REMAND
CAUSE OF ACTION TO THE MONTGOMERY COUNTY, OHIO, COURT OF
COMMON PLEAS, GENERAL DIVISION (DOC. #46); OBJECTIONS TO
REPORT AND RECOMMENDATIONS BY DEFENDANT LEON WILLIAMS,
JR., AND DEFENDANT MOONBEAM CAPITAL INVESTMENTS, LLC (DOC.
#48), AND OBJECTIONS TO REPORT AND RECOMMENDATIONS BY
SALEM CONSUMER SQUARE OH, LLC (DOC. #49), ARE OVERRULED;
MOTION TO REMAND OR TO ABSTAIN FROM HEARING [MONTGOMERY
COUNTY, OHIO, COMMON PLEAS] STATE COURT ACTION (DOC. #23) IS
SUSTAINED; MOTION TO CHANGE [TRANSFER] VENUE TO THE UNITED
STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA, AT PITTSBURGH (DOC. #15), MOTION TO STAY
ACTION PENDING [RESOLUTION OF THE] BANKRUPTCY PROCEEDINGS
[IN THE WESTERN DISTRICT OF PENNSYLVANIA, AT PITTSBURGH] AND
MOTION FOR PROTECTIVE ORDER (DOC. #28) AND MOTION TO HOLD
FURTHER PROCEEDINGS IN ABEYANCE UNTIL THE BANKRUPTCY
COURT [IN THE WESTERN DISTRICT OF PENNSYLVANIA, AT
PITTSBURGH] ADJUDICATES PLAINTIFF'S CLAIM (DOC. #30) ARE EACH
OVERRULED; DIRECTING CLERK OF COURT TO REMAND CASE TO THE
MONTGOMERY COUNTY, OHIO, COURT OF COMMON PLEAS, GENERAL
DIVISION; TERMINATION ENTRY

On April 22, 2022, Guy R. Humphrey, United States Bankruptcy Judge for the Southern District of Ohio, Western Division at Dayton ("Ohio Bankruptcy Court"), issued Recommendations concerning four motions: Doc. ##15, 23, 28 and 30. Doc. #46.[1] Therein, he recommended that this case be remanded to the Common Pleas Court of Montgomery County, Ohio, pursuant to 28 U.S.C. § 1452(b). *Id.*, PageID#1240-45. Alternatively, Judge Humphrey recommended this Court permissively abstain from hearing the claims and, if it is determined it lacks diversity jurisdiction over the state court litigation pursuant to 28 U.S.C. 1332, that it also abstain from hearing the claims under the doctrine of mandatory abstention. Doc. #46, PageID##1246-47.  The filing also recommended this Court deny all other requests for relief in the referred motions including: (1) holding the litigation in abeyance until the determination of the adversary proceeding filed on March 5, 2021, 21-02019-CMB (the "AP") in the United States Bankruptcy Court for the Western Division of Pennsylvania at Pittsburgh ("Pennsylvania Bankruptcy Court") is concluded, Doc. ##30 and 28; and (2) referring this case to the United

---

[1] On March 4, 2022, the Court ordered these motions referred to the Ohio Bankruptcy Court pursuant to the United States District Court of the Southern District of Ohio, Amended General Order No. 05-02 (Amended Standing Order of Reference) and that the rulings on motions, Doc. ##15, 23, 28 and 30, be stayed pending the "Report and Recommendation" from the Bankruptcy Court. Doc. #44. In response, Judge Humphrey issued "Recommendations for the United States District Court for the Southern District of Ohio[,] to Remand Cause of Action to the Montgomery County, Ohio[,] Court of Common Pleas." Doc. #46. This bankruptcy filing recommended that the Court sustain BELFOR's Motion to Remand or Abstain from Hearing State Court Action, Doc. #23, and also recommended that the Court overrule the other pending motions, Doc. ##15, 28 and 30. *Id.*, PageID##1237 and 1249. In this Decision and Entry, the Court will refer to the Bankruptcy filing as "Recommendations."

States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1412. *Id.*, PageID#1249. Doc. ##15 and 28.

This matter is currently before the Court on Objections to the Recommendations filed by Salem Consumer Square OH, LLC ("Salem"), Doc. #49, and by Moonbeam Capital Investments, LLC ("MCI") and Leon Williams, Jr. ("Williams"). Doc. #48.

Based upon Judge Humphrey's reasoning and citations of authority,[2] Doc. #46, this Court's thorough *de novo* review of the Recommendations, the applicable law and, further, for the reasons set forth below, the Court adopts the Recommendations and overrules the Objections filed by Salem, Doc. #49, and MCI and Williams. Doc. #48. The Court sustains BELFOR'S Motion to Remand or to Abstain from Hearing State Court Action, Doc. #23, and overrules Salem's Motion to Change Venue, Doc. #15, its Motion to Hold Further Proceedings in Abeyance until the Bankruptcy Court [in the Western District of Pennsylvania, at Pittsburgh] Adjudicates Plaintiff's Claim, Doc. #30, and MCI and Williams's Motion to Stay Action Pending [Resolution of the] Bankruptcy Proceedings [in the Western District of Pennsylvania, at Pittsburgh] and Motion for Protective Order. Doc. #28.

---

[2] In addition to reviewing the above motions, the Ohio Bankruptcy Court also reviewed the responses and replies for each of the motions, Doc. ##24, 25, 27, 32, 33 and 34, held oral argument and considered supplemental memoranda filed by Salem and BELFOR. Doc. #46, Page ID#1238; United States Bankruptcy Court for the Southern District of Ohio Western Division at Dayton, *Belfour U.S.A. Group, Inc., v Salem Consumer Square OH, LLC,* et al., Case No. 3:22-mp-00301. Doc. ##6 and 7.

This case is remanded to the Court of Common Pleas of Montgomery County, Ohio.

## I.      Procedural History

BELFOR is a company that performs emergency-services and remediation work.  Doc. #2, PageID#300; Doc. #5, PageID#440.  It alleges it was hired by Salem and MCI, a parent or corporate affiliate of Salem,[3] to perform work on real property owned by Salem that was damaged in the May 2019, Dayton, Ohio, tornado. Doc. #2, PageID#300; Doc. #5, PageID#441. BELFOR asserts it completed its work in July 2019, and MCI's insurer, Travelers Insurance, authorized that it be paid $2.8 million. Doc. #2, PageID#302; Doc. #5, PageID#443.  BELFOR claims, however, that it was never paid.  Instead, it alleges that Salem, MCI, Williams, an agent of MCI, and other agents and employees of Salem and MCI, directed Travelers Insurance to pay BELFOR's money to MCI. *Id.*

On February 26, 2020, BELFOR sued Salem, MCI and Nations Roof of Ohio, LLC, in the Common Pleas Court of Montgomery County, Ohio, Doc. #2, and on May 22, 2020, it filed an Amended Complaint against these Defendants. Doc. #6. It asserted claims against Salem and MCI for breach of express or implied contract, promissory estoppel, quantum meruit and unjust enrichment, fraud, conversion, civil recovery for theft offense under Ohio Rev. Code. §§ 2307.60 and 2307.61,

---

[3]The Recommendations state that MCI "was (but is no longer) the parent company of Salem." Doc. #46, PageID#1239.

4

tortious interference with business relationship and contract and civil conspiracy. *Id.* It also sought foreclosure of a mechanics lien and a declaratory judgment against all parties. *Id.* BELFOR demanded, among other things, that Salem and MCI pay it $2.8 million in compensatory damages, an unspecified amount in punitive damages and attorney fees. *Id.* On May 26, 2020, BELFOR filed a separate suit, also in the Montgomery County Common Pleas Court, against Williams. Doc. #5. It sued him for fraud, conversion, civil recovery for a theft offense pursuant to Ohio Revised Code §§ 2307.60 and 2307.61, tortious interference with a business relationship and with a contract and civil conspiracy. *Id.* BELFOR demanded compensatory damages, punitive damages and attorney fees from Williams. *Id.*, PageID##455-56. An Answer was filed by Williams, Doc. #13, and an Amended Answer was filed by Salem and MCI. Doc. #14. Both the Answer and Amended Answer included jury demands. *Id.* These two state court cases were later consolidated under Case No. 2020 CV 01027. ("the State Court Case"). Doc. #10.

On January 5, 2021, Salem filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania, Case Number 21-20020-CMB (the "Salem Bankruptcy Case"). It also filed in the State Court Case a Notice and Suggestion of Bankruptcy and asserted that its Chapter 11 bankruptcy filing in Pennsylvania had the effect of "staying all further action and proceedings in the above-styled matter [the State Court Case] and, accordingly, all proceedings in [the State Court Case] are stayed pursuant to 11 U.S.C. § 362." Doc. 1-11.

Judge Dennis Adkins, the judge in the State Court Case, did not agree with Salem's assertion that "all proceedings" (emphasis added) were stayed and the case, including discovery, continued against the non-filing bankruptcy Defendants, MCI and Williams. (*See* Docket for Court of Common Pleas for Montgomery County case number 2020 CV 01027 (available at https://pro.mcohio.org/pro/ (last visited November 28, 2022)).[4]

On March 5, 2021, Salem filed a Notice of Removal in this Court "pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § § 1131,[5] 1334 and 1452." Doc. #1. On this same date, Salem initiated an adversary proceeding against BELFOR, 21-02019-CMB (the "AP") in the United States Bankruptcy Court for the Western Division of Pennsylvania at Pittsburgh ("Pennsylvania Bankruptcy Court").

On November 12, 2021, Salem's Second Amended Plan of Reorganization ("the Plan") was confirmed. Salem Bankruptcy Case, Doc. #309, Page 27. It specifically stated that BELFOR would initially be paid $1,100,000 as a "good faith

---

[4] A January 28, 2021, Entry and Order filed by Judge Adkins granted BELFOR's motion to compel and ordered MCI "to fully comply with Plaintiff's discovery requests, and [to] notify this Court of compliance, on or before February 19, 2021." *Id.* Although MCI filed a certificate of compliance in the State Court Case on February 19, 2021, BELFOR claimed it had been prejudiced by the response and filed a motion on February 22, 2021. It stated in this motion that counsel for MCI missed a February 19, 2021, in-person delivery timeline discussed among the parties and, instead, "slipped" a "nearly empty hard drive" under the office door of BELFOR's counsel after hours on a Friday *Id.* BELFOR represented it would be filing a separate motion for discovery sanctions. *Id.*

[5] The Court assumes that the intended cite is 28 U.S.C. § 1331. Doc. #1, PageID#3.

payment" for its secured claim in the AP subject to further litigation and ultimately a determination as to whether the amount of its secured claim should be reduced or increased. [6] Salem Bankruptcy Case, Doc. #309, Page 13. The Plan also stated that BELFOR was not enjoined from enforcing its claims against MCI and Williams. Bankruptcy Case, Doc. #309, Page 27; Doc. #342.

Litigation in the AP continues and has resulted in significant discovery disputes that included MCI and Williams and mediation. Doc. #46, PageID#1240. The fact discovery period in the AP has now closed and pursuant to a Revised Trial Order and Notice, a bifurcated trial is scheduled to commence February 1, 2023. AP, Doc. #348.

Following Salem's removal to this Court, the following motions were filed by the parties: (1) Salem's Motion to Change [Transfer] Venue to the United States Bankruptcy Court for the Western District of Pennsylvania, at Pittsburgh, Doc. #15; (2) BELFOR's Motion to Remand or to Abstain from Hearing [Montgomery County, Ohio, Common Pleas] State Court Action, Doc. #23; (3) MCI and Williams's Motion to Stay Action Pending [Resolution of the] Bankruptcy Proceedings [in the Western District of Pennsylvania, at Pittsburgh] and Motion for Protective Order, Doc. #28; and (4) Salem's Motion to Hold Further Proceedings in Abeyance until the

---

[6] Nations Roof of Ohio, LLC, was named by BELFOR as a party defendant since it "may claim an interest subject to foreclosure" in connection with its claim under Ohio Revised Code §1311.01 et seq. Doc. #2, PageID##300 and 315. It has been fully paid through Salem's Plan. Salem Bankruptcy Case. Doc. #309, Page 13.

Bankruptcy Court [in the Western District of Pennsylvania, at Pittsburgh] Adjudicates Plaintiff's [Adversary] Claim. Doc. #30.

On March 4, 2022, the Court issued an Order referring this case to the Ohio Bankruptcy Court for further proceedings pursuant to the United States District Court for the Southern District of Ohio's Amended General Order No. 05-02 (Amended Standing Order of Reference), and stayed rulings on the motions, Doc. ##15, 23, 28 and 30, pending the report and recommendations from Judge Humphrey. Doc. #44. On April 22, 2022, the Ohio Bankruptcy Court issued its Recommendations to which Objections were timely filed by MCI and Williams, Doc. #48, and Salem, Doc. #49.

## II. Legal Analysis

### A. Introduction

Judge Humphrey recommended that this case be remanded to the Common Pleas Court of Montgomery County, Ohio, pursuant to 28 U.S.C. § 1452(b) and, alternatively, recommended that the Court exercise permissive abstention under 28 U.S.C. § 1334(c)(1). Doc. #46. He further recommended that the litigation not be stayed until the Adversary Proceeding ("AP") between BELFOR and Salem in the Pennsylvania Bankruptcy Case is concluded and that this case not be transferred to the United States District Court for the Western District of Pennsylvania ("W.D. Pa.") pursuant to 28 U.S.C. §1412. *Id.*, PageID#1249.

Salem, MCI and Williams, have filed Objections. Doc. ##48 and 49. They argue that this Court should reject the Recommendations because Judge Humphrey failed to consider or misapplied the relevant factors when he recommended remand under 28 U.S.C. § 1452(b) or permissive abstention under 28 U.S.C. § 1334(c)(1). *Id.* They also repeat in their Objections many of the same arguments that were made by them in their motions. Doc. ##15, 28 and 30.

Specifically, Salem, MCI and Williams argue in their Objections that the "most practical solution" is staying the case until the AP between Salem and BELFOR is concluded in the Pennsylvania Bankruptcy Court. Doc. #49, PageID#1266; Doc. #48, PageID##1255-56. This argument was also made by Salem in its Motion to Hold Further Proceedings in Abeyance until the Bankruptcy Court [in the Western District of Pennsylvania, at Pittsburgh] Adjudicates Plaintiff's Claim and by MCI and Williams in their Motion to Stay Action Pending [Resolution of the] Bankruptcy Proceedings [in the Western District of Pennsylvania, at Pittsburgh] and Motion for Protective Order. Doc. #30, PageID#964; Doc. #28, PageID#874. The Objections filed by Salem, MCI and Williams also assert, as Salem did in its Motion to Change Venue, Doc. #15, that if the Court decides not to stay the litigation, then this case should be transferred to the W.D. Pa. pursuant to 28 U.S.C. § 1446. Doc. #49, PageID##1265-68; Doc. #48, PageID#1256. Salem, MCI and Williams contend, as they did earlier in their motions, that a transfer to the W.D. Pa. would lessen the risk of inconsistent outcomes and promote judicial efficiency and economy since it would then be referred to the Pennsylvania

9

Bankruptcy Court for purposes of discovery along with the AP between Salem and

BELFOR, and would then be sent back to the W.D. Pa. for trial. Doc. #49,

PageID#1267-68; Doc. #48, PageID##1256-57; Doc. #15, 579-80; Doc. #28,

PageID#875.

The Court will first address the Objections filed by Salem, MCI and Williams

to the Bankruptcy Court's Recommendations concerning remand pursuant to 28

U.S.C. § 1452(b) followed by their Objections to permissive abstention under 28

U.S.C. § 1334(c)(1). Although the Bankruptcy Court ultimately makes no specific

recommendation regarding mandatory abstention pursuant to 28 U.S.C. § 1334

(c)(2), Doc. #46, PagID#1247, because Salem has filed an Objection arguing that it

is inapplicable, Doc. #49, PageID#1276, this issue will also be analyzed below.


**B.  Equitable Remand Pursuant to § 1452(b)**

The Court previously determined it had "original but not exclusive

jurisdiction" under 28 U.S.C. § 1334(b)[7] and that Salem's removal, which it

asserted pursuant to 28 U.S.C. §1452(a), was proper.[8]  Doc. #44, PageID#1232;

---

[7] Section 1334(b) grants broad jurisdictional power to the District Courts. *In re Dow Corning Corp.*, 86 F.3d 482, 490 (6th Cir. 1996) ("Congress intended to grant to the district courts broad jurisdiction in bankruptcy cases."); *In re HNRC Dissolution Company*, 761 Fed. Appx. 553 (6th Cir. 2019) ("[A]n expansive definition of 'related to' jurisdiction governs § 1334(b)" that extends to a post-confirmation dispute).

[8] Although Salem also asserted removal pursuant to 28 U.S.C. § 1331, Doc. #1, PageID#3, removal jurisdiction under this section does not exist since BELFOR's state law claims do not arise "under the Constitution, laws, or treaties of the United States." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.");

Doc. #1. Section 1452(b), however, states that the Court "may" remand a case "on any equitable ground" and § 1334(c)(1) permits the Court to decline to hear a case under the doctrine of permissive abstention.

As will be seen below, the "equitable ground" factors considered under § 1452(b) and the exercise of permissive abstention under § 1334(c)(1) "are essentially identical" and courts examine the same set of factors under either section. *In re: Natl. Cent. Fin. Enters., Inc., Inv. Litig.* 323 F.Supp.2d 861, 885 (S.D. Ohio 2004) (Graham, C.J.) (citing *Mann v. Waste Mgmt. of Ohio, Inc.*, 253 B.R. 211, 214 (N.D. Ohio 2000); *Cordes v. Cont'l Holdings, Inc. (In re Cont'l Holdings, Inc.),* 158 B.R. 442, 444 (Bankr. N.D. Ohio 1993). Both the equitable remand statute, § 1452(b) and permissive abstention in § 1334(c)(1) require that courts "utilize a flexible, factor-based balancing test, the application of which 'will vary with the particular circumstances of each case. . .'" *In re Duran*, 586 B.R. 7, 13 (Bankr. N.D. Ohio 2018) (citing *Natl. Cent. Fin. Enters.*, 323 F.Supp.2d at 885); *DiGirolamo v. Applegate (In re Applegate)*, 414 B.R. 209, 216 (Bankr. N.D. Ohio 2008) (when applying §1334(c)(1) factors, courts employ "a multi-factor balancing test, not a rule in which every element must be satisfied. . .").[9]

---

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (under the well-pleaded complaint rule, "federal question 'is presented' when the complaint invokes federal law as the basis for relief.")

[9] An order entered under §1452(b) "remanding a claim or cause of action, or a decision to not remand," and "[a]ny decision to abstain or not to abstain" made under §1334(c)(1) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291,

To determine whether a cause of action should be remanded under

§ 1452(b) "on any equitable ground," the following factors are considered:

> 1) duplicative and uneconomical use of judicial resources in two forums; 2) prejudice to the involuntarily removed parties; 3) *forum non conveniens*; 4) the state court's ability to handle a suit involving questions of state law; 5) comity considerations; (6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending.

*Natl. Cent. Fin. Enters., Inc., Inv. Litig.,* 323 F.Supp.2d at 885 (citing *Mann,* 253 B.R. at 214-15).

The Court will address the relevant factors in turn below.

(1) Salem, MCI and Williams argue that a remand of the litigation to the state court will result in a duplicative and an uneconomical use of judicial resources in two forums. Accordingly, they contend that a transfer to the W.D. Pa., pursuant to § 1446, and a referral by the District Court to the Pennsylvania Bankruptcy Court would prevent this from occurring. Because the fact discovery has been concluded in the AP and a bifurcated trial is scheduled to commence February 1, 2023, a transfer of this case would not lessen any duplication or use of judicial resources. AP, Doc. #348. Salem, MCI and Williams also argue that a stay of this case pending a resolution of the AP would also prevent duplication and uneconomical use of judicial resources in two forums. Such duplication or multiple litigation however, "is a direct by-product of bankruptcy law" and "to the

---

or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." 28 U.S.C. §§ 1452(b) and 1334(d).

extent that it may exist, is congressionally created and sanctioned." *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1199. (6th Cir. 1983). Although there may be some duplication and resulting uneconomical use of judicial resources, it is speculative. Accordingly, the first equitable factor weighs slightly in favor of remand.

(2) BELFOR, the involuntarily removed party, would be unfairly prejudiced if this case is not remanded to state court. Salem, MCI and Williams argue for a stay of this case in this Court pending adjudication of the AP in Pennsylvania Bankruptcy Court as "the most practical option." Doc. #49, PageID#1266. A stay, however, would result in further delay and prejudice to BELFOR both in the AP and in any future state court case it files. Moreover, this delay would be exacerbated in the event an appeal of the AP was filed.[10] Because delays would exist both in the AP case and in BELFOR's prosecution of its claims against MCI and Williams, the second equitable factor weighs in favor of remand.

(3) The remediated property is located in Trotwood, Ohio, and at least some of the witnesses to the work performed at the site are also located in Montgomery County, Ohio. The doctrine of *forum non conveniens* weighs in favor of remand.

---

[10] Even assuming a transfer to the W.D. Pa. pursuant to § 1446, followed by a referral to the Pennsylvania Bankruptcy Court for purposes of discovery and ultimately a return to the W.D. Pa. of the BELFOR, MCI and Williams case for a trial was practical, it would result in further unnecessary delays for BELFOR.

(4) The state court is able to handle this case since BELFOR's Amended Complaint against MCI and its Complaint against Williams assert only state law causes of action. Accordingly, this equitable factor weighs in favor of remand.

(5) Comity considerations also weigh in favor of remand. BELFOR's claims against MCI and Williams concern property and witnesses located in Montgomery County, Ohio. After the Suggestion of Stay was filed in state court by Salem concerning its Bankruptcy Case and prior to its filing of a Notice of Removal to this Court, the state court judge concluded that the case could continue against the non-debtors, MCI and Williams. Importantly, MCI and Williams are not subject to the automatic stay in 11 U.S.C. § 362(a)(1) and (a)(3) and, as stated in Salem's Plan, BELFOR's "enforcement of its legal and equitable rights against" MCI and Williams "are not enjoined." Bankruptcy Case, Doc. #309, PageID#27; Doc. #342. The fifth equitable factor weighs in favor of remand.

(6) Salem, MCI and Williams argue that a remand will not lessen and will likely result in increasing the possibility of inconsistent results. As noted in the Recommendations, because of the jury demand and claim of punitive damages, BELFOR's claims must be tried in two separate courts. Although the claims asserted by BELFOR in the AP are only against Salem and the claims asserted in this case are only against MCI and Williams, the Court finds that there is a possibility of inconsistent results with a remand. However, the state court judge presided over the State Court Case for over a year before it was removed by Salem, resolved some discovery disputes and is familiar with the state law claims

14

of contract, tort and declaratory judgment asserted against MCI and Williams. Moreover, the attorneys' familiarity with discovery issues and disputes in the AP and the access of the state court judge to the docket and decisions in the Salem Bankruptcy Case will enable the state court to expeditiously and fairly resolve any discovery issues that might arise that are arguably related to Salem and could potentially create a result inconsistent with proceedings in the AP. Accordingly, the Court finds that this factor weighs slightly against remand.

(7) The Court finds that that the state court judge has sufficient "expertise" in the state law claims at issue in this case. This equitable factor weighs in favor of remand.

For the reasons set forth above, the Court finds that remand to state court, pursuant to § 1452(b), is warranted. The Objections of Salem, MCI and Williams, Doc. ##49 and 48, to remand pursuant to 28 U.S.C. § 1452(b) are overruled.

## C. Permissive Abstention

Section 1334(c)(1) permits a district court, "in the interest of justice, or in the interest of comity with State courts or respect for State law," to abstain from "hearing a particular proceeding . . . related to a case under title 11." The relevant factors that this Court will consider for permissive abstention under § 1334(c)(1) are:

(1) the effect or lack of effect on the efficient administration of the estate if a court abstains;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable state law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of this court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties; and

(13) any unusual or other significant factors.

*Natl. Cent. Fin. Enters.*, 323 F.Supp.2d at 885 (citation omitted); *Underwood v. United Student Aid Funds, Inc.* (*In re Underwood*), 299 B.R. 471, 476 (Bankr.S.D. Ohio 2003) (Waldron, J.).

The Court will address these 13 factors below.

(1) Whether this Court abstains will have little to no effect on the efficient administration of the Salem Bankruptcy Case. Salem's Plan has been confirmed, the Effective Date has passed and Salem, a reorganized debtor, has only one adversary proceeding. Doc. #46, PageID#1244. Although the Plan is being funded by MCI's settlement with Salem, as well as from other sources, if this proves to be insufficient, an entity referred to as "Beacon Commercial Limited will provide the funds necessary to Salem to make all Plan payments. Doc. # 309, Page 4. Accordingly, this factor weighs in favor of abstention.

(2) BELFOR's asserted claims against MCI and Williams are based on state law consisting of contract, tort and declaratory judgment. This factor weighs in favor of abstention.

(3) As noted by Judge Humphrey, BELFOR's state-law claims are not difficult or unsettled. There is "no suggestion that the state law issues in these cases are unique, unsettled, or difficult." *In re Dow Corning Corp.*, 113 F.3d 565 (6th Cir. 1997). (citations omitted). Because of this, the principles of federalism and comity would not be violated by the Court's assumption of jurisdiction in this case. This factor weighs against abstention.

(4) This case was removed to this Court from the Common Pleas Court of Montgomery County, Ohio. This factor weighs in favor of abstention.

(5) Based upon the Notice of Removal, this Court's jurisdiction was exclusively premised on 28 U.S.C. § 1334(b).[11] Salem now argues that jurisdiction also exists pursuant to § 1332, despite the fact that its Notice did not assert diversity jurisdiction. Because it was never relied upon by Salem, it has been waived. *Gavin v. AT&T Corp.*, 464 F.3d 634 (7th Cir. 2006) (diversity jurisdiction waived and case remanded to state court since defendants relied solely on Securities Litigation Uniform Standards Act (SLUSA) as a basis for removal); *Uppal v. Electronic Data Systems*, 316 F. Supp. 2d 531 (E.D. Mich. 2004 (case

---

[11] *See* infra, n. 8.

remanded where notice of removal defective and lacked asserted ground for jurisdiction). Accordingly, this factor weighs in favor of abstention.

(6) For purposes of subject matter jurisdiction, BELFOR's claims against MCI and Williams were determined by this Court to be "related to" Salem's Bankruptcy Case pursuant to § 1334(b). Although the AP is only between BELFOR and Salem and the State Court Case is between MCI and Williams, the two cases are related and not remote. Salem, however, is now a reorganized debtor with a confirmed Plan. Additionally, MCI was, but is no longer Salem's parent company. Doc. #46, PageID#1239. This factor weighs slightly in favor of abstention.

(7) This factor, whether the substance rather than form of an asserted "core" proceeding, is neutral.

(8) BELFOR's claims against Salem have already been effectively severed and the AP will resolve these claims as provided for under the Bankruptcy Plan. BELFOR's claims against MCI and Williams are state law claims and include both punitive damages and a jury demand thereby making the feasibility of severing these claims and transferring them to the Pennsylvania Bankruptcy Court impossible. Additionally, a transfer to W.D. Pa. pursuant to § 1446 of these claims would be futile since given that fact discovery is closed in the AP and the remediated property and many witnesses are in Ohio. This factor weighs in favor of abstention.

(9) BELFOR's claims against MCI and Williams are not a burden on this Court's docket, and there is no evidence it would prove burdensome on the W.D. Pa. or state court docket. This factor is neutral.

(10) The likelihood of the commencement of the proceeding in Pennsylvania Bankruptcy Court by Salem raises some concerns with forum shopping. In its argument for diversity jurisdiction, Salem has contended that it is an Ohio entity, MCI is allegedly a Nevada entity and Williams is a resident of New York. Additionally, there is no dispute that the remediated property is located in Montgomery County, Ohio. BELFOR asserts in its response that the only connection to the Pennsylvania Bankruptcy Court is "a relationship to a former Pennsylvania debtor [STM] and counsel located in Pittsburgh." Doc. #27, PageID#869. This factor weighs in favor of abstention.

(11) A jury trial, demanded by MCI and Williams in their respective answers, can only occur in this Court, W.D. Pa. and state court. The Court finds this factor weighs slightly in favor of abstention.

(12) MCI and Williams are non-debtors and are not subject to the automatic stay in 11 U.S.C. § 362(a)(1) and (a)(3). Salem's Plan specifically provides that BELFOR can pursue "enforcement of its legal and equitable rights against" MCI and Williams. Bankruptcy Case, Doc. #309, PageID#27. This factor weighs in favor of abstention.

(13) Salem asserts that other "unusual or significant factors" include BELFOR's representation that it intends to use discovery in the State Court Case in

19

the AP and that Salem is unable to do so.  It argues that for this reason the case should be transferred to W.D. Pa. Doc. #49, PageID#1272.  The Court has previously addressed the issue of a transfer pursuant to § 1466. The Court finds that this factor is neutral.

The sole factor that weighs against abstention, the lack of difficulty or uniqueness of the state law claims, has been cited as the "primary determinant for the exercise of discretionary abstention." *In re Dow Corning Corp.*, 113 F.3d 565 (6th Cir. 1997) (citing *General Am. Communications Corp. v. Landsell (In re General Am. Communications Corp.)*, 130 B.R. 136, 146 (S.D.N.Y.1991).  While this may be true, the facts of *Dow Corning*, "one of the world's largest mass tort litigations," *In re Dow Corning Corp.*, 86 F.3d 482, 486 (6th Cir.1996) is dramatically different than those at issue before this Court.  In *Dow*, the Sixth Circuit issued a writ of mandamus to the district court to conduct an abstention analysis in strict compliance with the requirements of § 1334, as required in an earlier order of remand, instead of "the blanket determination" that mandatory abstention was appropriate for the shareholders. *Id.*, at 570.  Here, there are only two Defendants, MCI and Williams, one Plaintiff, BELFOR, and no mass tort litigation. Using the "flexible, factor-based balancing test, the application of which 'will vary with the particular circumstances of each case. . .,'" *In re Duran*, 586 B.R. 7, 13 (Bankr. N.D. Ohio 2018) (citing *Natl. Cent. Fin. Enters.*, 323 F.Supp.2d at 885), the Court finds that permissive abstention is appropriate. The Objections of

20

Salem, MCI and Williams to permissive abstention, Doc. ##48 and 49, are overruled.

### D. Mandatory Abstention

Finally, the Court finds that mandatory abstention also applies since BELFOR (1) made a timely motion; (2) the State Court Case is based upon state law; (3) it is related to the Salem Bankruptcy but did not 'arise in' or 'arise under' the case; (4) it could not have been commenced in federal court absent § 1334 jurisdiction;[12] (5) the State Court Case was properly commenced in Montgomery County Common Pleas Court; and (6) it can be timely adjudicated there. *Parrett v. Bank One, N.A. (In re Nat'l Century Fin. Enters., Inc., Inv. Litig.)*, 323 F. Supp.2d 861, 873 (S.D. Ohio 2004) (citing *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996)). The Objection filed by Salem to mandatory abstention, Doc. #49, is overruled.

### III. Conclusion

For the reasons set forth above, the Court the Court ADOPTS the Recommendations, Doc. #46, and OVERRULES the objections filed by Salem, Doc. #49, and MCI and Williams. Doc. #48. The Court SUSTAINS BELFOR'S Motion to Remand or to Abstain from Hearing State Court Action, Doc. #23, and

---

[12] *See*, infra, pp.16-17 and authorities cited therein.

21

OVERRULES Salem's Motion to Change Venue, Doc. #15, and its Motion to Hold Further Proceedings in Abeyance until the Bankruptcy Court [In The Western District of Pennsylvania, at Pittsburgh] Adjudicates Plaintiff's Claim, Doc. #30, and MCI and Williams's Motion to Stay Action Pending [Resolution of the] Bankruptcy Proceedings [In The Western District of Pennsylvania, at Pittsburgh] and Motion for Protective Order. Doc. #28.

This case is remanded to the Court of Common Pleas of Montgomery County, Ohio, with judgment to be issued accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 1, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE